# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**ANGELA BENNETT,**                         CASE NO. 3:23 CV 1595

    Plaintiff,

    v.                                       JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                     **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Angela Bennett seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Carmen E. Henderson for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Henderson recommends this Court affirm the Commissioner's final decision. (Doc. 18). Plaintiff filed objections to the R&R (Doc. 19) and the Commissioner filed a response thereto (Doc. 20). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in September 2021, alleging disability as of September 20, 2021. *See* Tr. 25. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on October 3, 2022, finding Plaintiff not disabled. (Tr. 25-42). This appeal ultimately followed. (Doc. 1).

Plaintiff raised three arguments regarding the ALJ's decision. First, she argued the ALJ erred at Step Three by failing to consider whether her impairments met or medically equaled listing

1.18. Second, she argued the ALJ erred "by failing to adequately account for the extent of Plaintiff's surgical history and the associated more mysterious, chronic, and variable nature of her pain." Third, she argued the ALJ erred in failing to fully develop the record.

In her R&R, Judge Henderson concluded the ALJ did not err in her consideration of Listing 1.18 or the record evidence, properly evaluated Plaintiff's subjective symptoms, and made no error as it relates to developing the record. She recommends the Court affirm the Commissioner's decision. *See* Doc. 18.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

DISCUSSION[1]

Plaintiff objects to the R&R. She argues first that the Magistrate Judge erred in her analysis of the medical equivalence argument "by conflating a functional approach with a listing approach, which is improper". (Doc. 19, at 11); *see also* Doc. 19, at 11 ("[A] *functional* rationale is no answer to *medical equivalence*[.]"). She further contends the Magistrate Judge's reasoning was circular and the Magistrate Judge erred in not "properly addressing [her] arguments in combination, particularly as the extent to which they underscore and reinforce the listing argument". *Id.* On *de novo* review, the Court overrules Plaintiff's objections.

Listings / Medical Equivalence

Plaintiff argues her initial brief addressed the prong of Listing 1.18 (subsection D) that the ALJ stated was not met, "proceed[ing] *ad nauseum* to illustrate evidence directly tying to different areas of evidence back to equ[i]valence to the specific listing criteria". (Doc. 11, at 12). She further contends the Magistrate Judge's Opinion "internally relies on *functional consequences* as if that answers the questions about *medical equivalence*." *Id.* at 13.

At Step Three, the ALJ analyzes whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1. *See* 20 C.F.R. § 404.1520(d). A claimant can "equal" a listed impairment if her condition is medically equivalent. If the claimant meets or equals one of the impairments, she is *per se* disabled. A claimant may demonstrate medical equivalence by demonstrating that her impairments are "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). But, "[f]or

---

1. Neither party objects Judge Henderson's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Henderson.

3

a claimant to qualify for benefits by showing that [her] unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, [s]he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original); *see also Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) (claimant "must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency" to a similar listing). Further, Social Security Ruling 17-2p states that "[i]f an adjudicator at the hearings or AC level believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, we do not require the adjudicator to obtain ME evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment." Soc. Sec. Ruling 17-2p, 2017 WL 3928306, at *4).

As the Magistrate Judge explained, Listing 1.18 provides:

1.18 Abnormality of a major joint(s) in any extremity (see 1.00I), documented by A, B, C, and D:

A. Chronic joint pain or stiffness.

AND

B. Abnormal motion, instability, or immobility of the affected joint(s).

AND

C. Anatomical abnormality of the affected joint(s) noted on:

    1. Physical examination (for example, subluxation, contracture, or bony or fibrous ankylosis); or

    2. Imaging (for example, joint space narrowing, bony destruction, or ankylosis or arthrodesis of the affected joint).

AND

4

> D. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following:
>
> > 1. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)); or
> >
> > 2. An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), and a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or
> >
> > 3. An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4).

20 C.F.R. Pt. 404, Subpt. P., App'x 1, § 1.18.

At Step Three, the ALJ concluded: "The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" (Tr. 28). She expressly addressed Listing 1.18, focusing on subsection D:

> The claimant's impairments failed to meet the listing for 1.18 (Abnormality of a major joint(s) in any extremity), because the record, consistent with findings below, does not demonstrate, amongst other missing findings, impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following: a documented medical need (see 1.00C6a) for a mobility device involving the use of both hands (see 1.00C6e(i)); or an inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), and a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that required the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or an inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4).

(Tr. 29).

Upon *de novo* review, the Court agrees with the Magistrate Judge that the ALJ's medical equivalence determination is supported by substantial evidence and Plaintiff has not demonstrated any error. First, supporting the ALJ's decision that Plaintiff's impairments did not medically equal Listing 1.18 is the April 2022 opinion of state agency physician Indira Jasti, M.D. who expressly considered the listing and found Plaintiff's conditions did not meet or medically equal it. (Tr. 120-24). Second, Plaintiff fails to point to medical evidence suggesting her impairments are "equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531 (emphasis in original). Indeed, Plaintiff has largely copied and pasted the same summary of the medical records presented to the Magistrate Judge into her objections. *Compare* Doc. 19, at 5-10 *with* Doc. 13, at 12-17. The Court agrees with the Magistrate Judge that "[w]hile Claimant points to problems with multiple joints and various medical records, she does nothing to show how the 'findings related to [her] impairment . . . are at least of equal medical significance to the required criteria.'" (Doc. 18, at 14) (quoting 20 C.F.R. § 404.1526(b)).

Next, to the extent Plaintiff argues the Magistrate Judge erred in relying on a "functional rationale as to the medicine on-record", the Court disagrees. Plaintiff seemingly objects to the Magistrate Judge's statement addressing her second argument (regarding consideration of Plaintiff's prior surgeries), which says: "But 'disability is determined by the functional limitations imposed by a condition' and these records—which simply indicate the procedures occurred—do nothing to 'shed light on [Claimaint's] level of impairment during th[e] relevant time.'" (Doc. 18, at 15) (quoting *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019)). She contends that "a *functional* rationale is no answer to *medical equivalence*." (Doc. 19, at 11) (emphasis in original). But this argument – as presented to the Magistrate Judge – was that the ALJ failed to

6

consider this historical evidence. *See* Doc. 13, at 16-18. The Magistrate Judge's explanation was a direct response to that argument and not error. And again, even taking the argument as directed at medical equivalence, Plaintiff still does not explain how "findings related to [her] impairment . . . are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(b).

The Court overrules Plaintiff's objection as to the Magistrate Judge's analysis of her medical equivalence argument.

<u>Addressing Arguments in Combination</u>

Next, Plaintiff contends that her arguments to the Magistrate Judge "interrelate and build upon each other", but the Magistrate Judge incorrectly addressed the arguments narrowly and separately. Arguments raised for the first time in objections and not to the Magistrate Judge are waived. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010). A review of Plaintiff's initial brief (Doc. 13) reveals Plaintiff set forth three distinct assignments of error separated by individual subheadings. The Court finds the Magistrate Judge properly addressed the arguments as presented. Plaintiff's objection in this regard is overruled.

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Henderson's R&R (Doc. 18) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Date: June 25, 2024